IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STAR DEVELOPMENT GROUP,   *
LLC, *et al.*,
                                  *

       Plaintiffs,                           Civil Action No. RDB-16-1246
                                  *

v.                                 *

DARWIN NATIONAL ASSURANCE
   COMPANY,                  *

       Defendant.                 *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

The Plaintiffs/Petitioners Star Development Group, LLC ("Star"), Hopkins Investors, LLC, and Hopkins Hospitality Investors, LLC's (collectively, "Hopkins") initiated this action against the Defendants/Respondents Constructure Management, Inc.'s ("CMI") and Allied World Specialist Insurance Company's (f/k/a Darwin National Assurance Co.) seeking damages for breach of contract. The parties voluntarily participated in arbitration, which resulted in a Final Award ("Award") in favor of CMI and against Star. Subsequently, the Plaintiffs/Petitioners filed a petition to vacate the Award, and the Defendants/Respondents filed a motion to confirm the Award and award attorneys' fees. On March 28, 2018, this Court granted the Defendants/Respondents' motion to confirm the Award and award attorneys' fees, and denied the Plaintiffs/Petitioners' motion to vacate the Award. (ECF Nos. 34, 35.)

1

On April 23, 2018, the Petitioners filed a Motion to Alter and/or Amend Judgment. (ECF No. 36.) The Motion asserted that: (1) Defendants are only entitled to an award of attorneys' fees with respect to the Respondents' motion to confirm the arbitration Award, and not with respect to defending against the Petitioners' motion to vacate the arbitration Award; and (2) attorneys' fees and costs should only be awarded against Petitioner Star, not against the Hopkins Petitioners, because this Court confirmed the arbitration Award and entered Judgment only against Star. (*Id.*) After holding a teleconference, this Court denied in part and stayed in part the Motion to Alter and/or Amend Judgment. (ECF No. 37.) Specifically, this Court: (1) denied the Motion with respect to the Petitioners' argument that attorneys' fees may not be awarded when a prevailing party successfully defends against a motion to vacate an arbitration Award; and (2) stayed, pending further briefing, the issue of whether attorneys' fees and costs should only be awarded against Star.

The next day, Petitioners filed a Notice of Appeal of this Court's March 28th Opinion and Order. Subsequently, the parties briefed the attorneys' fees and costs issue. Unbeknownst to this Court until recently, on April 25, 2018, the United States Court of Appeals for the Fourth Circuit sent a notice to the parties that it would not consider the Petitioners' appeal until after this Court's resolution of the Motion to Alter and/or Amend Judgment.[1] Since then, the parties have stipulated that CMI and

---

[1] That notice is now reflected on the docket as ECF No. 47.

2

Allied World incurred $40,000 in attorneys' fees while opposing the petition to vacate the Arbitration Award and confirming the Award.[2] (Joint Stipulation, ECF No. 41.)

Federal Rule of Civil Procedure 59(e) authorizes a district court to alter, amend, or vacate a prior judgment. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011). The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008); *see also Fleming v. Maryland National Capital Park & Planning Commission*, Civ. No. DKC-11-2769, 2012 WL 12877387, at *1 (D. Md. Mar. 8, 2012). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see also Kelly v. Simpson*, Civ. No. RDB-16-4067, 2017 WL 4065820, at *1 (D. Md. Jan. 26, 2017). Moreover, "[t]he district court has considerable discretion in deciding whether to modify or amend a judgment." *Fleming*, 2012 WL 12877387, at *1.

---

[2] Further, the Joint Stipulation states that "[s]olely for purposes of providing Star/Hopkins with the information they requested as part of the compromises stated in this stipulation, CMI and Allied World have calculated the proportionate amount of $8,000 as attributable to the Cross-Motion, while a balance of $32,000 has been calculated as the proportionate amount of fees and costs for the Opposition." (ECF No. 41 at ¶ 4.)

3

The Petitioners assert that this Court's award of attorneys' fees and costs should only be against Star, and not Hopkins, given that the arbitration Award was only against Star and this Court affirmed that Award and entered Judgment only against Star. (ECF No. 36.) Section 3-228(b) of the Maryland Uniform Arbitration Act ("MUAA") provides:

> (a) Entering of judgment; enforcement of judgment.—
> (1) If an order confirming, modifying, or correcting an award is granted, a judgment shall be entered in conformity with the order.
> (2) The judgment may be enforced as any other judgment.
> (b) Costs and disbursements.—A court may award costs of the petition, the subsequent proceedings, and disbursements.

In *Blitz v. Beth Isaac Adas Israel Congregation*, 352 Md. 31, 720 A.2d 912, 913 (Md. 1998), *decision clarified* (Dec. 14, 1998), the Maryland Court of Appeals held that "costs" includes attorney's fees "incurred on confirming and enforcing the arbitration award." Accordingly, a court may award costs and attorney's fees of a petition to confirm, modify, or correct an award. The Maryland Court of Appeals has confirmed that the use of the word "may" in the statute means that the court's power to award attorney's fees is discretionary. *WSC/2005 LLC v. Trio Ventures Assocs.*, 460 Md. 244, 190 A.3d 255 (Md. 2018).

At the outset, this Court notes that the parties do not provide, and this Court does not find, any authority supporting the proposition that attorneys' fees should be awarded under § 3-228(b) only against Star. Rather, the Petitioners rely exclusively on the language of the statute and argue that because the statute provides for the entry of a

4

judgment, and Judgment was only entered against Star, it follows that costs—including attorneys' fees—can only be awarded against Star. (ECF No. 46.) On the other hand, the Respondents argue that Hopkins has been involved in the litigation at all stages, and that by joining in the motion to vacate and opposition to the motion to confirm, Hopkins is liable for attorneys' fees. (ECF No. 40.)

The Maryland Court of Appeals has stated that attorney's fees are awarded under § 3-228(b) for fees "incurred in confirming and enforcing" an arbitration award. *Blitz*, 720 A.2d at 913. Accordingly, although Judgment was entered against only Star, the Hopkins Petitioners joined in the motion to vacate the Award and the opposition to the motion to confirm the Award. Hopkins, therefore, contributed to CMI incurring fees in "confirming and enforcing" the arbitration Award, and altering or amending this Court's Opinion and Order is not necessary to correct a clear error of law or prevent manifest injustice.

Accordingly, IT IS HEREBY ORDERED this 3rd day of January, 2019 that:

1. Petitioners Motion to Alter and/or Amend Judgment (ECF No. 36) is DENIED;
2. Star Development Group, LLC, Hopkins Investors, LLC, and Hopkins Hospitality Investors, LLC are jointly liable for the attorneys' fees award;
3. Given the parties' Joint Stipulation (ECF No. 41), Defendants/Respondents Constructure Management, Inc. and Allied World Specialist Insurance Company (f/k/a Darwin National Assurance Co.) shall recover attorneys' fees in the amount of $40,000; and

4. The Clerk of the Court transmit a copy of this Memorandum Order to the Parties and Counsel of record.

_/s/ Richard D. Bennett_

Richard D. Bennett
United States District Judge