IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STAR DEVELOPMENT GROUP, \*
   LLC, *et al.*,
                                \*

   Plaintiffs,                                               Civil Action No. RDB-16-1246
                                \*

v.
                                \*

DARWIN NATIONAL ASSURANCE
   COMPANY,                                \*

   Defendant.                                    \*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM AND ORDER**

Petitioners/Plaintiffs/Appellants Hopkins Hospitality Investors, LLC, and Hopkins Investors, LLC (collectively, the "Hopkins Entities"), move this Court to approve the proposed Supersedeas Bond (ECF No. 87-1) and the sufficiency of the proposed surety. (Mot., ECF No. 87.) Defendants have opposed the motion, expressing concern that the bond only protects one of the two judgments being appealed by only one set of the judgment debtors. (Defs.' Resp., ECF No. 106.) They further argue that the amount of the bond is insufficient because it should include an allowance for appellate attorneys' fees. (*Id.*)

By way of a brief background, on March 28, 2018, this Court affirmed an arbitration award and issued Judgment in favor of Defendants against Star Development Group ("Star") in the amount of $1,856,197.12 (the "Star Judgment"). (Judgment, ECF No. 35.) Star appealed on April 24, 2018. (*See* ECF No. 38.) However, because there was a pending motion to alter/amend the judgment, the appeal was stayed until this Court resolved the motion. (ECF No. 47.) On January 4, 2019, this Court denied the motion to award attorneys' fees only against Star and awarded attorneys' fees to Defendants against both Star and the Hopkins Entities, jointly and

severally, in the amount of $40,000 (the "Star/Hopkins Judgment"). (ECF No. 49.) After this Court denied the motion to amend, an amended appeal was filed by Star and the Hopkins Entities (collectively, the "Judgment Debtors"). (*See* ECF No. 50.) The instant motion for approval of the supersedeas bond was filed by the Hopkins Entities on April 26, 2019. (ECF No. 87.)

"[A] party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed. R. Civ. P. 62 . . . ." *American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966); *see also Fed. Prescription Serv., Inc. v. American Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980) ("Beyond question, Rule 62(d) entitles the appellant who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right.").

Maryland Local Rule 110.1 states that "[u]nless otherwise ordered by the Court, the amount of any supersedeas bond filed to stay execution of a money judgment pending appeal shall be 120% of the amount of the judgment plus an additional $500 to cover costs on appeal." Local Rule 110.1(a) (D. Md. 2018.) Therefore, with regard to the Hopkins Entities, the amount of the bond must be at least $48,500, which is the amount the Hopkins Entities have requested.

Certainly, this Court has discretion to modify the amount of the bond required, or require no bond, but the purpose of the bond is to protect the status quo not potential future awards. *See, e.g., Olympia Equipment Leasing Co. v. Western Union Telegraph Co.*, 786 F.2d 794, 800 (7th Cir. 1986) (Easterbrook, J., concurring) ("The function of a supercedeas bond is to protect the judgment creditor's position from erosion during any period that its right to execute is obstructed by a stay pending appeal . . . . So the district judge has a very difficult task—to make the judgment creditor as well off during the appeal as it would be if it could execute at once, but no better off."); *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600

F.2d 1189, 1190–91 (5th Cir. 1979) ("The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal.").[1]

Although both Star and the Hopkins Entities are obligated to pay the Star/Hopkins Judgment, and the proposed bond does not cover all three entities, Defendants are still protected by the bond if none of the entities satisfies the judgment on appeal. It does not prevent Defendant from continuing its enforcement proceedings against Star for the Star Judgment, nor does it prevent Defendant from continuing its enforcement proceedings against Star for the Star/Hopkins Judgment. The bond applied for protects the status quo, and it is consistent with the Maryland Local Rule requirements.

Accordingly,

1. Motion of Petitioners/Plaintiffs/Appellants Hopkins Hospitality Investors LLC, and Hopkins Investors, LLC, for approval of Supersedeas Bond (ECF No. 87) is GRANTED.

2. The Bond in the form, amount, and with the surety as shown at Exhibit A (ECF NO. 87-1) is APPROVED by this Court; and

3. Any proceedings to enforce the Judgment entered in this action on January 4, 2019 against Hopkins Hospitality Investors LLC and Hopkins Investors, LLC are STAYED pending the determination of the appeal of Hopkins Hospitality Investors LLC and Hopkins Investors, LLC from this Judgment.

Dated: May 6, 2019.

_____
Richard D. Bennett
United States District Judge

---

[1] "The Fourth Circuit has not adopted a standard to guide the district courts' exercise of discretion in 'granting unsecured stays.' However, several district courts within this circuit have followed the Fifth Circuit guidance of *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)." *Hofmann v. O'Brien*, Civil No. WDQ–06–34472009, WL 3216814, at *2 (D. Md. 2009) (quoting *Southeast Booksellers Ass'n v. McMaster*, 233 F.R.D. 456, 458 (D.S.C. 2006)).